**OLD REPUBLIC INSURANCE COMPANY, Plaintiff,**

v.

**CONTINENTAL MOTORS, INC., Defendant.**

**Civil Action No. 16-cv-46-JLK**

United States District Court, D. Colorado.

Signed September 14, 2016

---

9. By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

Michael L. Poindexter, Law Offices of Michael L. Poindexter, P.C., Golden, CO, for Plaintiff.

Benjamin Y. Ford, Sherri Rich Ginger, Armbrecht Jackson LLP, Mobile, AL, Jennifer Lyn Parker, Theresa R. Wardon, Wheeler Trigg O'Donnell, LLP, Denver, CO, for Defendant.

### ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (DOC. 7)

Kane, SENIOR UNITED STATES DISTRICT JUDGE

This products liability action is before me on defendant aircraft engine manufacturer's Motion to Dismiss for Lack of Personal Jurisdiction. The jurisdictional question turns on the procedural and substantive fairness of haling a nonresident defendant to court in Colorado on the basis of engine servicing performed in this state by a non-agent, non-party repair station that accessed defendant's service manual online. I answer the question in the negative and DISMISS the case.

*Background.*

Plaintiff Old Republic Insurance Company ("Old Republic") is an insurance company organized under the laws of the state of Pennsylvania with its principal place of business in Chicago, Illinois. Defendant Continental Motors Inc. ("Continental") is a Delaware corporation engaged in the manufacture and sale of aircraft engines and magnetos, and has its principal place of business in Mobile, Alabama. Old Republic filed suit in Colorado, alleging venue was proper under 28 U.S.C. § 1391 because a "substantial part of the events or omissions giving rise to the claim" occurred here. What that refers to is the fact the airplane was serviced in Colorado before taking off for Sun Valley, Idaho, and the service provider referenced Continental's online manuals while doing so. The service provider was an FAA-certified repair station, a non-party to this action and otherwise unaffiliated with Continental.

*Discussion.*

 To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). Colorado is the forum state and its long arm statute, Colo. Rev. Stat. § 13–1–124, is construed to extend jurisdiction to the full extent of the Constitution. *Id.* at 1075. The jurisdictional analysis here, then, reduces to a single inquiry of wheth-

er the exercise of jurisdiction over Continental offends due process.

■ To satisfy due process, a defendant must have sufficient "minimum contacts" with state that having to defend a lawsuit there would not offend traditional notions of fair play or substantial justice. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir.2008)(quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Personal jurisdiction through minimum contacts may be either general or specific. The former is premised on contacts so "continuous or systematic" that jurisdiction is appropriate even when plaintiff's claims are not related to them. The latter exists when defendant may be said to have "purposely directed" activities at residents of the forum and the litigation results from alleged injuries arising out of those activities. *See generally, Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Old Republic concedes Continental's contacts with Colorado are insufficient to invoke general jurisdiction, and seeks only the application of specific personal jurisdiction in this case.

■ To support its assertion of specific personal jurisdiction, Old Republic relies exclusively on Continental's online service manuals and other "proprietary information for use in the service" of its engines, which are accessed by FAA-certified repair stations to service engines for end users throughout the country. Specifically, Old Republic asserts that the engine and magnetos at issue in this case were "inspected, repaired and overhauled in Colorado," using documents and instructions "furnished to the Colorado repair station by [Continental]." Am. Compl. ¶ 8. These documents and instructions failed to require that the nylon distributor gears be replaced at overhaul or periodic maintenance intervals, so that Continental could be said to have "authorized" them to be used "until they failed." *See id.* Under Old Republic's theory of specific personal jurisdiction, Continental must be found to have "purposely directed" its activities at the residents of every state where their engines are serviced using Continental's online service manuals. This sweeps too broadly.

The posting of information on the internet does not, in itself, subject the poster to personal jurisdiction wherever that information may be accessed. *Great Divide Brewing Co. v. GoldKey/PHR Food Servs., LLC,* 127 F.Supp.3d 1137, 1142 (D.Colo.2015)(citing *Shrader v. Biddinger,* 633 F.3d 1235, 1242 n. 5 (10th Cir.2011)). Without facts tending to show that a website or electronic information is specifically directed at forum state residents, personal jurisdiction will not be inferred. *See Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 803 (7th Cir.2014)(no personal jurisdiction where interactive website did not show defendant formed contact with the forum state); *c.f. Wagner v. Miskin,* 660 N.W.2d 593, 599 (N.D.2003)(creation of website specifically directed at residents of North Dakota subjected defendant to personal jurisdiction). Old Republic has not established that Continental's website, through which maintenance providers can access service manuals, targets Colorado residents in any way.

Moreover, it is defendants, not third parties, who must create contacts with the forum state. *Giduck v. Niblett,* —— P.3d ——, ——, 2014 WL 2986670, at *6 (Colo. App. July 3, 2014). Where the engine servicer in this case is neither a party to the action nor shown to have been an agent of Continental, its actions in accessing the electronic service manuals is an insufficient basis to confer jurisdiction on Continental.

Old Republic attempts to avoid this limitation by citing sales Continental has made

to Colorado customers over a five-year period and a 2008 distribution agreement Continental entered into with a different Colorado repair shop, suggesting these indicate a purposeful targeting of Colorado residents. The argument blurs the line between specific and general contacts, and is insufficient to confer specific personal jurisdiction where neither these sales nor the distribution arrangement has any relation to Old Republic's cause of action in this case.

For these and other reasons set forth in Defendant's briefing, I conclude the exercise of personal jurisdiction over Continental in this case is not supported by the record and would offend due process. I GRANT Continental's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 7) and direct the Clerk to enter judgment dismissing this case without prejudice.